────────o────────

5352.

(Court of Appeal, Parish of Orleans).

## JAMES M. ANDERSON vs. WESTERN UNION TELEGRAPH COMPANY.

One cannot recover damages for a tort, when he has suffered none by reason thereof.

Appeal from the Civil District Court, Division "E."

Dart, Kernan & Dart, for plaintiff and appellant.

Howe, Fenner, Spencer & Cocke; E. Philips, for defendant and appellee.

ST. PAUL, J.—Plaintiff is a cotton broker, buying and selling cotton for others on commission, but transacting the business in his own name, according to the custom of the trade.

On February 15, 1909, plaintiff received an open order from E. Holland & Co., of Greenville, Miss., to purchase for their account 400 bales of May cotton, when the price should fall to 9.43 cents per pound.

On February 23rd, Holland & Co., transmitted, over defendant's telegraph line, for delivery to plaintiff, a message cancelling the order of February 15th, and substituting an order to purchase only when the price should reach 9.31 cents per pound. This message, however, was not delivered by defendant until the evening of February 24th.

On the morning of February 24th, plaintiff pursuant to his open order of February 15th, purchased the 400 bales for account of Holland & Co., at 9.40 cents per pound.

Later on in the same day the price fell to 9.31 cents per pound and the purchase would have been made at that price had the telegram been delivered in proper time by defendant, as it should have been.

The net result of this (without going into unnecessary details) was that Holland & Co. failed to make the whole profit which they should and would have made on the cotton; in other words their profits were $180,—less than they would have been had the cotton been purchased at 9.31 cents per pound.

Naturally Holland & Co., complained to plaintiff, and this suit followed.

Undoubtedly defendant was negligent, and undoubtedly Holland & Co., lost $180, through its negligence. But we are unable to see how plaintiff has been damaged in any way.

Plaintiff himself lost nothing; and since he did not receive the message of February 23rd, until too late to act upon it, he is not at fault towards his principals, Holland & Co., whose orders he executed to the letter as far as they were transmitted to him.

Holland & Co., have no recourse against plaintiff but must look to defendant; and defendant may be answerable to Holland & Co., who may have suffered damage, but not to plaintiff who has not been injured through its negligence.

One cannot recover for a tort, who has suffered no damage by reason thereof.

Judgment affirmed.